2020 IL App (2d) 190899-U
No. 2-19-0899
Order filed June 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BRAD AUKER, d/b/a LMHP, Inc., | ) | Appeal from the Circuit Court |
| | ) | of Ogle County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 19-SC-327 |
| WILLIAM TILBURY and CONNIE | ) | |
| TILBURY, | ) | Honorable |
| | ) | John C. Redington, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE BRIDGES delivered the judgment of the court.
Justices McLaren and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   "The trial court's findings of breach and damages in plaintiff's suit against trailer park tenants for unpaid rent and late fees were not against the manifest weight of the evidence where plaintiff presented clear testimony as to the delinquent amounts. Also, plaintiff did not waive its right to collect late fees by permitting violations of park rules by other tenants. Defendants relied on a statute that required fairness in the application of park rules and regulations but did not speak to lease provisions."

¶ 2   Plaintiff, Brad Auker, d/b/a LMHP, Inc., sued defendants, William and Connie Tilbury, for past-due rent, late fees, and attorney fees. The trial court found for plaintiff, and defendants appeal. They contend that (1) the judgment was against the manifest weight of the evidence, and (2) plaintiff waived its right to enforce the lease's late-fee provisions. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      At the September 2019 trial, Ann Michelle Auker testified that she and her husband Brad were the principals of the corporate plaintiff, which owned a trailer park. Defendants leased a lot there. The lease required defendants to pay $275 per month in rent. It also provided for a $5-per-day late fee if the rent for a given month was more than 5 days late and for defendants to pay plaintiff's attorney fees if plaintiff had to go to court to enforce the lease.

¶ 5      Plaintiff filed a previous complaint against defendants in October or November 2018. A judgment on that complaint was entered in November 2018 and had not been fully satisfied at the time of trial.

¶ 6      Ann Auker testified that she kept records of amounts paid. Asked what late fees were unpaid, she said that defendants' rent was late for the following periods in 2019: 43 days late in February, 8 days late in March, 10 days late in April, 38 days late in June, 51 days late in July, and 34 days late in August. As of the trial date, they had not paid rent or late fees for September 2019. Ann said that she had incurred $2591 in legal fees and $428.36 in costs in attempting to collect from defendants, for a total, including rent and late fees, of $4294.36.

¶ 7      William Tilbury testified that he believed plaintiff had waived its right to strictly enforce the terms of the lease because it permitted violations by other tenants. Other tenants maintained inoperable vehicles and ran businesses from their homes, allegedly in violation of park rules, but plaintiff did nothing to remedy those violations.

¶ 8      Connie Tilbury testified that she had copies of receipts for fees that had been paid. She submitted a document consisting of photocopies of receipts for postal money orders. Except for one in May 2019 payable to "L.M.H.P.," no payee is listed. The receipts bear notations such as "Late fees February," "Feb. & March Lot Rent," and "APRIL RENT."

¶ 9    The court awarded plaintiff $1275 in rent and late fees subject to reduction if the September rent arrived in the mail, plus $900 in attorney fees and $240.76 in costs for a total of $2415.76. Defendants timely appeal.

¶ 10                                    II. ANALYSIS

¶ 11    Defendants, appearing *pro se*, first contend that the court's judgment was against the manifest weight of the evidence.  They contend that plaintiff's exhibits were confusing and included charges that were awarded in the prior judgment.  They further argue that their own exhibit conclusively shows that they paid the amounts at issue here.

¶ 12    Plaintiff has not filed a brief.  However, the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief.  Thus, we decide the merits of the appeal.  *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13    Following a bench trial, the standard of review is whether the trial court's judgment is against the manifest weight of the evidence.  *Judgment Services Corp. v. Sullivan,* 321 Ill. App. 3d 151, 154 (2001).  A judgment is against the manifest weight of the evidence when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on the evidence.  *Dargis v. Paradise Park, Inc.*, 354 Ill. App. 3d 171, 177 (2004).  The elements of a cause of action for breach of contract include the existence of a valid and enforceable contract, the plaintiff's performance, a breach of the contract by the defendant, and resultant damages to the plaintiff.  *Razor Capital v. Antaal*, 2012 IL App (2d) 110904, ¶ 30.

¶ 14    The contract, the validity of which defendants do not dispute, provides that, after a five-day grace period, defendants must pay a $5-per-day late fee.  Ann testified to the specific number of days that the various payments were late.  Reference to plaintiff's exhibits was not necessary to

support this testimony. Also, the periods Ann identified were subsequent to the November 2018 judgment in the prior case. Thus, there was no overlap from the prior judgment in this case.

¶ 15    Defendants next contend that plaintiff waived the right to collect late fees because it routinely permitted violations of park rules by other tenants while enforcing the lease's late-fee provisions against defendants. Defendants cite section 14(d) of the Mobile Home Landlord and Tenant Rights Act (765 ILCS 745/14(d) (West 2018)), which provides:

> "Rules and regulations promulgated and adopted by the park owner are enforceable against a tenant only if:
>
> * * *
>
> (d) They apply to all tenants in a fair manner." 765 ILCS 745/14(d) (West 2018).

¶ 16    We note that the cited provision applies to rules adopted by the park owner, rather than to lease provisions. Defendants offered no evidence of instances in which plaintiff waived late fees or other lease provisions for other tenants while enforcing them against defendants.

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Ogle County.

¶ 19    Affirmed.